IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES

V.                                              Case No. JFM-10-0798

ANTONIO B. MARTINEZ,
            Defendant

FILED ___ ENTERED
LODGED ___ RECEIVED

APR 1 1 2023

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## MOTION FOR COMPASSIONATE RELEASE

Comes Now, the Defendant, Antonio B. Martinez, proceeding Pro Se, who moves this Honorable Court pursuant 18 USC 3582 (c)(1)(a) avenue for Compassionate release, which permits a Sentencing Court to reduce a sentence due to extraordinary and compelling circumstances as amended by the First Step Act.

In support the defendant submits the following:

A. Motion for Compassionate Release

On December 21, 2018 the First Step Act was enacted which in part made Specific changes

1

to 3582 (c) (1) (a), known as Compassionate release Statute. Under 3582 (c) (1) (a), a Court may reduce a defendants sentence if the "Court finds that extraordinary and compelling reasons warrant such a reduction" And that reduction is consistent with applicable policy statements issued by the Sentencing Commission, as well as the 3553 (a) Sentencing factors that merit a reduction. Prior to the First Step Act, Courts could consider Compassionate release only upon motion by the B.O.P.

However, Congress amended 3582 (c)(1)(a) to remove the BOP from its former role of gate keeper over Compassionate release petitions. Section 603 (b) of the First Step Act provides that defendants now may file motions for sentence modifications on their own behalf, so long as they first apply to the BOP. By creating this avenue for defendants to seek relief directly from the Courts, Congress effectuated an incremental change, expanding the discretion of the courts to consider leniency. (Zullo, 976 F. 3d at 230)

Section 3582 (c)(1)(a) does not attempt to define extraordinary and compelling reasons. Instead the Sentencing Commission, pursuant the authority granted it by Congress addresses the issue in policy statement, United States Sentencing Guideline 1B1.13.

2

Accordingly though, it is directed towards the BOP requests for reductions. The amended 3582 (c)(1)(a) authorizes courts to make their own independent assessments of extraordinary and compelling reasons because, 1B1.13 is not applicable policy statement for defendants who move to file for compassionate release on their own behalf. In other words 1B1.13 does not apply to defendant-filed motions under 3582 (c)(1)(a). The policy statement only addresses motions and determinations of the Director of the BOP, not motions filed by prisoners, thus removeing any constraints of discretion of the district Courts. (United States v. McCoy 981 F.3d 271; 2020 US APP)

3

## 1. APPLICABLE LAW

A. Before a court may consider a defendants motion for Compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after 30 days from reciept of such request by the Warden of the defendants facility, Whichever is earlier. (United States v. Muhammad, 16 F. 4th 126, 129) (4th Cir 2021)

B. When deciding whether to reduce a defendants sentence under 3582 (c)(1)(a) district courts within the 4th Circuit have proceeded in three steps. (1) The Court determines whether extraordinary and compelling reasons support a sentence reduction. (2) The court considers whether a Sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously as set out in the McCoy, because there is no applicable policy statement governing compassionate release motions filed by defendants under recently amended 3582 (c)(1)(a), district courts are now empowered to consider any extraordinary and compelling reason for release that the defendant might raise.

4

(3) Finally, if the Court finds that extraordinary and compelling reasons warrant relief, the Court must consider the 3553(a) factors in deciding whether to excercise its discretion to reduce the defendants term of imprisonment. (United States v. High; 997 F.3d 181, 185-86) (4th cir 2021)

C. After discerning whether extraordinary and compelling reasons exist, the Court considers 3553(a) sentencing factors to the extent they are applicable.

1. Nature and Circumstances of Offense

2. History and Characteristics of Defendent including Post Sentencing Conduct.

3. Seriousness of Crime.

4. Whether the sentence promotes Respect for the Law and Just punishment for the Offense

5. Whether Sentence Affords Adequate Deterrence to Criminal Conduct.

6. Whether the Sentence protects from future Crime of the Defendant.

5

7. Need to Avoid Unwarrented Sentencing Disparities. (United States v. Kibble, 992 F.3d 326, 332) (4th Cir 2021,

B. Criteria For Review

On December 24, 2022, the defendant submitted an electronic request to the Warden of the institution in which he is currantly serving his sentence requesting the Warden to submit to the Director of the B.O.P. a request for a motion to be filed on his behalf pursuant 18 USC 3582 (c) (1) (a) Compassionate release, Under the catch all provision located at 1b1.13 application note 1(d) labled "other reasons" which permits a sentence reduction in a defendants case if there exist an extraordinary and compelling reason. Only after the lapse of 30 days from the reciept of the request, with no response from the Warden, did the defendant move to file a motion on his own behalf (See Appendix A-1) Based on the following reasons.

6.

1. On April 6, 2012, the defendant was Convicted and sentenced to serve 300 months in federal custody followed by a 5 year term of supervised release, for the conviction of 2332a(a)(3) and 921(a)(4) - Attempted use of a weapon of mass destruction, specifically an explosive device, against the property owned by the United States. Upon sentencing computation, the District Court illegally sentenced the defendant due to procedural error by its misapplication of the sentencing guideline statute for which the defendant was convicted. 2332a, carries three diffrent guideline statutes for sentencing. The Court used 2m6.1, which covers nuclear weapons, biological agents, toxins, chemical weapons, and other weapons of mass destruction. But the statutory index does not include explosive or destructive devices in its text or commentary.

Sentencing statute 2K1.4 covers explosive devices and attempted use of explosive devices against government facilities. The 2K1.4 provision directly corresponds with the crime in which the defendant was convicted, not 2m6.1. As there is little case law on the subject within the fourth Circuit, the defendant will use case's within other circuits as persuasive authority to illustrate his point.

A District Court within the 10th Circuit determined that in order to apply the correct guideline for 2332a, the Court undergoes a three step process (1) identify the charge from the indictment, (2) find the substantive offense in the guideline statutory index, and (3) find the applicable guideline range. The Court further explained that it must use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted, and to do that the Court considers the language in the guideline itself, as well as the interpretive and explanatory commentary to the guideline provided by the Sentencing Commission. The Court concluded that the commentary is authoritive unless it violates the Constitution, or federal statute, or is inconsistent with or a plainly erroneous reading of the guideline. And failing to follow the Commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal. (United States v. Allen 364 F.3d Supp 1234; 2019 US Dist 6974)

Similarly in the 6th Circuit, after a lengthy expert analysis of destructive devices in that case, the Court concluded that the information provided would be used for considering the appropriate sentencing factors. In both case's the defendants

8.

were Convicted of attempting or Conspiring to use destructive devices, and those Courts rejected the governments suggested application of the 2m6.1 provision for sentencing, as it was inappropriate to the charges in which they were Convicted based upon the above explaination. (United States v. Wright, Baxter, Stevens, 2012 US Dist 162592)

It is therefore Conclusive in this Case, that the district Court Substantially errored in its application of the 2m6.1 provision, as it should have been 2k1.4 Causing the defendants base level for his offense to erroneously be 42 when it Should have been 24.

2. The second issue for discussion, is that in determining the defendants Criminal history Catagory level, the Court used juvenile adjudications that were not Classified as adult Convictions under the jurisdiction in which he was Committed for those offenses. The Court used USSG 4A1.1(c) for Computation. But neglected to use the definitions and instructions for Computation located at 4A1.2, which provides that for the purposes of applying 4A1.1(c); "Offenses Committed prior to the age of 18 are to be included in the Criminal history Calcu-lation if the defendant was Convicted as an adult.

9

and recived a sentence of imprisonment exceeding one year and one month." Furthermore, the provision states that in order for a sentence of imprisonment to qualify for calculation, the sentence must be the stated maximum or based on the sentence pronounced, not the length of time actually served. (Legette v. United States 2012 US Dist 118374)

The defendant's PSR does not show any stated term of imprisonment for his juvenile criminal history. The only stated term of imprisonment that exists is a 90 day incarceration all suspended but 6 months of probation, which also does not qualify as it does'nt meet the one year and one month time period located at 4A1.2(E). This shows that the district court went above and beyond what was necessary to enhance the defendants criminal history level. As it failed to even use the definitions and instructions for calculation, causing the defendants criminal history to be placed at level 3 for sentencing. Courts within the fourth circuit have deemed that sentences that are calculated in this manner are "extreme" and a district court abuses its discretion if it focuses too heavily on juvenile criminal history to enhance a defendants guidelines for sentencing,

10.

declaring it "Substantively unreasonable".
(United State v. Howard 773 F.3d 519; 2014 USAPP)

To Conclude, the defendant presents these two reasons for extraordinary and compelling circumstance before this Honorable Court. As his Sentencing guidelines are dramatically in error, due to the district Courts negligence to apply the correct guideline statute for Sentencing, according to the text of the statutory index and Commentary. As well as its application of juvenile enhancements that were not applicable according to the instructions and definitions of the Sentencing Commission. It is obvious and well within reason to say, that the district Court went way beyond what was necessary to achieve the ends of justice in this case. And if the defendants Computation was done according to the above facts, he would have received a Sentence Significantly lower than what he has now. This Sentiment is mirrored in the Mccoy Standard, and is one of the reasons why that Court granted his extraordinary and compelling reasons for relief.

Lastly, even though the Mccoy case is based in Changes in law, the recent Supreme Court ruling of Concepcion has held that motions filed under the First Step Act allows district Courts to not just consider changes in law. But also facts in

exercising their discretion to reduce a sentence pursuant to the authority of the First Step Act. The Court explained, "that for motions filed under the First Step Act, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties nonfrivolus arguments". This was exemplified in the Concepcion case, in which he argued for the recalculation of his sentencing guide line range based upon the facts he presented before the Court. (142 S.Ct 2389 Concepcion v. United States)

In Collington, the Court references the First Step Act in context to filing under 3582, that in their discretion district courts must accurately recalculate the guideline sentencing range and correct original errors by applying intervening case law made retroactive to the original sentence. As well as considering the 3553 factors to determine what sentence is appropriate. Concluding by saying that the First Step Act tasks district courts with making holistic resentencing determinations. (United States v. Collington, 995 F.3d 347 4 cir 2021)

12

## C. Factors Under 18 USC 3553 (a)

As they are applicable in this case, the defendant would like to address with the Court that even though the nature and circumstances of his instant offense is serious because it deals with terrorism, he would like to request this court to consider other factors that may merit relief.

Upon its "individualized assessment" for Compassionate release, the mccoy court focused on his lack of significant criminal history, youthfulness when the crime was committed, years already served of his incarceration and exemplary behavior, rehabilitation and significant changes in law.

If that is the standard, then this defendant meets the bulk of that criteria. As previously mentioned, the defendants criminal history should not have been computed, as it does not meet the definitions and instructions of the Sentencing Commission therefore, the defendant requests the court to make its consideration with disregard of his past criminal history.

Furthermore, the defendant was 21 years old at the time of the instant offense, and falls within the age range of what courts have termed the "Miller factor" in which the relative youthfulness of a defendant is considered due to their impressionability, lack of

13.

maturity, mental, and emotional development during the time of the offense. The defendant has served over 50% of his sentence in the custody of the BOP and is now 33 years old. And during his incarceration he has received his GED and has taken many cognitive thinking and behavioral programs to make himself a better, tolerant, and open minded individual. (See Appendix A-2)

During his 12 years of incarceration, he has not received one incident report for fighting or violence, nor being in possession of any weapons, drugs, or other contraband. And he has not received an incident report in almost 8 years. (See Appendix A-3)

For the past three years he has dedicated his time to learning the vocational trade of textile manufacturing, by participating and help establishing the unicore work program at FCI Williamsburg in Salters, S.C. He specializes in building small components for the molle 4000, a backpack used by the United States military. And he has done this with the intention of serving his country, and as an act of redemption for the crime he committed. He has received many positive progress reports during his time in unicore, and attached are just a couple of those progress reports (See Appendix A-4)

14.

In regards to changes in sentencing laws for 2332a, the defendant concedes that there have been none. But it can be argued, based upon the presented facts, that the defendant's sentence does not promote respect for the law nor just punishment for the offense because it is based on incorrect procedure. And if the sentence were to remain, it will create unwarranted sentencing disparities between himself and other similarly situated defendants who were convicted of the same offense, and were granted the opportunity of due process to determine which sentencing statute was applicable to the convicted offense.

Lastly, the defendant proposes a remedy and requests this Honorable Court to vacate the remainder of his sentence in BOP custody, seeing that 12 years affords adequate deterrence to further criminal conduct, and requests to serve out the remainder of his sentence in society on the 5 year supervised release stipulated in his plea agreement.

15.

# CONCLUSION

The Defendant strongly believes that he has established "extraordinary and Compelling" reasons that make him eligible for consideration for Compassionate release. The Defendants incorrect Sentencing guideline Computation, his age, length of incarceration, and measure of rehabilitation weigh in favor of finding that extraordinary and Compelling reasons justifies review.

WHEREFORE, having considered the Controlling factors, the Defendant prays this Honorable Court finds that he has demonstrated that he is no longer a danger to society and that he has sufficiently rehabilitated himself, and order that Defendants motion for Compassionate Release be granted and reduce Defendants to time Served.

Executed this 4th day of April, 2023

Respectfully Submitted

Antonio B. Martinez 52856-037
FCI Williamsburg
PO Box 340
Salters, SC 29590

16.

( APPENDIX )